IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re** § <br> **KENNETH DUANE EASTMAN, III** § <br> and § <br> **ANGELA CAROLE EASTMAN,** § <br> *Debtors*; § <br> § <br> **KENNETH DUANE EASTMAN, III** § <br> and § <br> **ANGELA CAROLE EASTMAN,** § <br> *Plaintiffs*, § <br> § <br> **v.** § <br> § <br> **CHRISTIAN CONSULTANTS OF** § <br> **TEXAS, LLC and KEVIN L.** § <br> **PAWLOWSKI,** § <br> *Defendants*. § | | Bankruptcy No. 16-30752 <br> (Chapter 13) <br><br><br><br> Adversary No. 16-03071 <br> **Jury Demanded** |

### DEFENDANTS' ORIGINAL COUNTERCLAIM

TO THE HONORABLE MARVIN ISGUR:

By way of counterclaim, Defendants, Christian Consultants of Texas, LLC and Kevin L. Pawlowski, complain of Plaintiffs, Kenneth Duane Eastman, III and Angela Carole Eastman, and respectfully plead:

### I.
### Parties

1. The Counter-Plaintiffs are Christian Consultants of Texas, LLC and Kevin L. Pawlowski. They are also Defendants in the above-styled and numbered adversary proceeding.

2. The Counter-Defendants are Kenneth Duane Eastman, III and Angela Carole Eastman. They are also the Plaintiffs in the above-styled and numbered adversary proceeding.

## II.
## Jurisdiction & Venue

3. This Court properly has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. § 1332(b)(2). This Court may exercise its jurisdiction over the Plaintiffs because they are Debtors who have sought the relief pursuant to Chapter 13 of the United States Bankruptcy Code. This counterclaim is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B), 157(b)(2)(H), 157(b)(2)(O).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## III.
## Background

5. During September 2015, Kevin Pawlowski, acting as agent for Christian Consultants of Texas, LLC ("*CCT*"), met with the Plaintiffs/Counter-Defendants to discuss options they had for saving their house from foreclosure. After being told by the mortgage company that nothing could be done, CCT, offered to purchase the property for assumption of the indebtedness, plus $3,000, plus payment of the Counter-Defendants' moving costs.

6. In this regard, the parties entered into a written contract on, or about, October 21, 2015 where CCT would purchase the property for a total amount of consideration of $117,000. In making this contract, the parties believed the indebtedness on the property was approximately $114,000. After entering into this contract, it was discovered that he indebtedness was much more, and CCT rescinded its contract and offered the Counter-Defendants a new contract where the total amount of consideration was $130,000. Thus, the second contract was signed by the parties on, or about, October 28, 2015.

7. Under the contracts, the closing was to be conducted by Texas American Title Company. However, after being unable to obtain clear title to the property, CCT agreed that the Counter-Defendants could execute a Warranty Deed without obtaining a title policy. On November 13, 2015, the Counter-Defendants deeded the property to CCT, and CCT provided the Counter-Defendants with the agreed-to cash payment. CCT then proceeded to assume the indebtedness secured by liens on the property. CCT also proceeded to help the Counter-Defendants relocate as previously promised.

8. After acquiring the property, CCT began making repairs to the property, which were necessary because the Counter-Defendants had several large dogs that caused extensive damage and wear-and-tear. CCT also paid the past-due *ad valorem* taxes that were secured by tax liens. The only debt CCT was not able to pay or assume was the mortgage. CCT was not able to assume this loan because the Counter-Defendants had sought bankruptcy protection.

## IV.
## Lien Pursuant to 11 U.S.C. § 550(e)

9. Incorporating the facts set forth above as if set forth fully herein, in the event the Court orders the sale of the property to be set aside, CCT requests that the Court grant it a lien in the property pursuant to 11 U.S.C. § 550(e).

10. CCT is a good faith transferee as defined under 11 U.S.C. § 548.

11. CCT is entitled to a lien on the property to secure the lesser of:

a. the costs of any improvements made after the sale of the property to CCT, less the amount of any profit realized by or accruing to CCT form the property; or

b. the increase in the value of the property as a result of the improvements made by CCT.

## V.
## Equitable Reimbursement of Monies Expended

12. Additionally, alternatively, and without waiver of the foregoing, in the event the Court orders the sale of the property to be set aside, CCT and Pawlowski seek reimbursement of the all monies expended by them for making:

a. physical additions or changes to the property;

b. repairs to the property;

c. payment of *ad valorem* taxes on the property;

d. payment of other debts secured by lines on the property; and

e. expenditures for the preservation of the property.

13. The Court, in its exercise of its equitable powers, should grant CCT and Pawlowski this equitable relief to avoid the Counter-Defendants being unjustly enriched.

WHEREFORE, premises considered, Christian Consultants of Texas, LLC and Kevin L. Pawlowski, respectfully request that after a trial on the merits, that the District Court enter a judgment ordering the Plaintiffs to take nothing. In the event the Court orders the sale of the subject property to be set aside, the Defendants respectfully request a lien on the property and reimbursement of all monies expended by them for making repairs, improvements, and preserving the property as well as all such other relief they are entitled to at law or in equity.

Respectfully Submitted,

PENDERGRAFT & SIMON, LLP

/s/ *William P. Haddock*
William P. Haddock
Texas Bar No. 00793875
S.D.Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019

Tel. (713) 528-8555
Fax. (713) 868-1267

*Counsel for Defendants*

## Certificate of Service

I hereby certify that a true and correct copy of the above Defendants' Original Counterclaim has been served on the following counsel/parties of record in accordance with Fed. R. Bankr. P. 7005 and BLR 9013-1 on this 31st day of May 2016:

Parties appearing via ECF:
    Kenneth A. Keeling
    Yolanda Gutierrez
    Christina Rodriguez
    Rebecca Keeling
    *Counsel for Plaintiffs*

                                            /s/ *William P. Haddock*
                                            William P. Haddock